T.C. Memo. 2001-193

UNITED STATES TAX COURT

JAMES O. REUBEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3215-00.                          Filed July 27, 2001.

James O. Reuben, pro se.

<u>Linda L. Vines</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  Respondent determined a
deficiency of $3,949 and an addition to tax under section
6651(a)(1) of $688 in petitioner's 1997 Federal income tax.[1]

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.

After concessions,[2] the issue before the Court is whether respondent is estopped from asserting the deficiency and addition to tax.  Petitioner resided in Norristown, Pennsylvania, at the time the petition was filed.

The applicable facts may be summarized as follows. Petitioner failed to timely file his 1997 Federal income tax return.  According to petitioner, in November 1998, he went to the Internal Revenue Service Center in Philadelphia, Pennsylvania, seeking assistance with filing his 1997 Federal income tax return.  Petitioner did not bring any records with him regarding his 1997 income or deductions.  An employee at the Internal Revenue Service Center obtained third-party information available in the Internal Revenue Service computer system and, using that information, assisted petitioner in preparing his 1997 Federal income tax return.  That return did not report the proceeds of an annuity of $10,365 received from petitioner's deceased mother, dividend income of $38, and interest income of $12.

Petitioner claims that the Internal Revenue Service Center employee who assisted him was aware of the $10,365 petitioner had received, informed petitioner that it was taxable, but also told

---

[2]  Petitioner conceded at trial that he received and failed to report $10,365, the proceeds of an annuity from his deceased mother, $38 in dividends, and $12 of interest.  Petitioner also admitted that his 1997 Federal income tax return was filed late, on Nov. 4, 1998.

petitioner not to report it. Petitioner testified that he knew that this was improper, but he felt that the agent was doing him a favor.

Petitioner contends that respondent is estopped from asserting a deficiency or an addition to tax based on the inclusion of $10,365 in death benefits, $38 in dividends, and $12 of interest that petitioner failed to report in his gross income. Petitioner's theory is that, since respondent assisted petitioner in filing his return by providing him with the third-party information available to respondent as of November 1998, if there was taxable income that petitioner failed to report, it is respondent's fault, and, therefore, respondent should be precluded from asserting a deficiency or addition to tax. We disagree.

The traditional elements of estoppel are: (1) A misrepresentation or omission of a material fact by another party; (2) a reasonable reliance on that misrepresentation or omission; and (3) a detriment to the other party. See United States v. Asmar, 827 F.2d 907, 912 (3d Cir. 1987).

Assuming that the Internal Revenue Service Center employee gave petitioner incorrect advice (which has a decidedly hollow ring), petitioner may not claim estoppel against respondent based on that advice. Even if we assume that misinformation was given and that petitioner relied on that information, petitioner

suffered no detriment that is legally recognizable.  He is only required to pay the tax that was lawfully owing.  He did not change a position to his detriment.

With regard to the late filing addition to tax, section 6651(a)(1) provides for an addition to tax where a return is not timely filed "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".  Petitioner acknowledges that his return was not timely filed.  He claims that he had "so many things going on" that he forgot.  This does not constitute reasonable cause.

<u>Decision will be entered</u>

<u>for respondent</u>.